IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT E. LEE,

Petitioner,

v.

JAME HILL,

Respondent.

No. 2:24-CV-1876-DAD-ICD-P

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

(Doc. No. 16)

Petitioner, a state prisoner proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On March 26, 2025, the then–assigned magistrate judge issued findings and recommendations recommending that the pending petition for habeas relief be denied on the merits. (Doc. No. 16.) Specifically, the magistrate judge concluded that petitioner's claims involving the purported violation of the holding in *Brady v. Maryland*, 373 U.S. 83, 87 (1963), lacked merit because: (1) there is no Supreme Court precedent establishing that delayed disclosure can constitute suppression for purposes of *Brady*; and (2) the purported *Brad*y material at issue here – the lead detective having been accused of mishandling evidence in other

investigations – was not material under the facts of this case where the petitioner's defense did not involve a challenge to any evidence that the detective handled even minimally. (*Id.* at 9–15.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 15.) To date, no objections to the findings and recommendations have been filed, and the time in which to do so has long since passed.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis as to the finding that the purported *Brady* material at issue in this case was not material to petitioner's case and therefore he has failed to show that he was prejudiced by any delayed disclosure or that the criminal proceedings against him were impacted in any way by that delayed disclosure.

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability. *See* Local Rule 191(j). A habeas petitioner may appeal only those claims for which a certificate of appealability is granted. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Rios v. Garcia*, 390 F.3d 1082, 1088 (9th Cir. 2004); *see also Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

Where constitutional claims are denied on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484–85. In the present case, the court concludes that reasonable

[1] The court apologizes to the parties for the delay in the issuance of this order. Due to an administrative oversight the undersigned just recently learned that the findings and recommendations were pending before the court.

jurists would not find the court's dismissal of petitioner's claims to be debatable, wrong, or deserving of encouragement to proceed further.

Accordingly:

1. The findings and recommendations issued March 26, 2025 (Doc. No. 16), are adopted in part;
2. The pending petition for writ of habeas corpus (Doc. No. 1), is denied;
3. The Court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 30, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE